IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.     Case No. 3:03-CR-30-HTW-JCS-2

KATHLEEN NELSON

### DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSITION RESPONSE FOR MOTION FOR COMPASSIONATE RELEASE

Defendant, Kathleen Nelson, received a copy of the Government's response by regular mail on Monday, July 13, 2020 and hereby files this response.

### LAW AND ARGUMENT

1. Ms. Nelson is in full compliance with the First Step Act Section 3582 statute. As stated in her motion on Page 7, she sent the Warden a cop-out requesting compassionate release on April 29, 2020 by depositing it in the mailbox located on her unit. Ms. Nelson and her co-defendant/sister, Ms. Edmond sent their request the same day. Ms. Edmond is more familiar with the computer so hers was sent by email. The officers refuse to make copies of things for the inmate's so

there is no record. However, Ms. Nelson has waited the appropriate 30 days before filing. There are many other inmates who have filed request and have been ignored as well so Ms. Nelson should not be penalized on the actions or lack of the Warden.

A recent ruling in the Sixth Circuit, has "swept aside the BOP arguments that the inmates had to "exhaust" administrative remedies under the Prison Litigation Reform Act. This would have required each inmate plaintiff to follow the BP-9, -10, -11 process, a futile procedure that would have wasted six months." Wilson v. Williams, Case No. 20-3447, 2020 U.S. App LEXIS 18087 (6th Cir. June 9, 2020).

If the Court disagrees then Ms. Nelson ask this Court to follow many other court rulings that have "waived" the requirement. United States v. Russo, 2020 U.S. Dist. LEXIS 65390, 2020 WL 1862294 (S.D.N.Y. April 14, 2020)("congressional intent for the defendant to have the right to a meaningful and prompt judicial determination of whether he should be released")(citing Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d.130 (2010). When Ms. Nelson filed her motion there were no cases of COVID-19 at her institution and now it is rampant. In Bowen v. City of New York, 476 U.S. 467, 483, 106 S.Ct. 2022, 90 L.Ed.2d. 462 (1986),

it held, "that irreparable injury justifying the waiver of exhaustion requirements exists where "the ordeal of having to go through the administrative process may trigger a severe medical setback."

Ms. Nelson filed her request, has waited over 30 days, and has never received a response back. Her motion is properly before this court.

2. The BOP can and will post things to make themselves look to be in compliant but only someone from the inside really knows what is going on.

The inmates were not issued mask at Carswell until April 6th. Mondays became known as "Mask Monday," the women were given one (1) paper mask to wear all week with no way to clean or sanitize them. At the beginning of May, they were issued cloth ones. The officers still pick and choose whether they want to wear one. Some of those who do still remove them when they get in the inmate's face to speak to them defeating their purpose.

Ms. Nelson reiterates the Judge's words from a recent case involving Carswell, "the women are unable to provide self-care within the FMC Carswell because they are unable to practice effective social distancing and have

hygeine needed to minimize her risk of exposure." United States v. Reddy, 2020 U.S. Dist. LEXIS 82208 (E.D. Michigan, May 11, 2020).

Nowhere in the Government's response about all the safety precautions the BOP is taking does it acknowledge that the warden of each facility can make his own choices. However, during the middle of June a tour group was brought in to see how Carswell was handling the pandemic. Someone must have been asymptomatic. On June 24th, the first staff member was positive, by Friday June 26th there were two (2) positive medical workers. On July 1st there were 13 positive inmates and now thirteen (13) days later it has increased 100% and there are 130. With multiple underlying medical conditions this negligence has put Ms. Nelson's life and health at a greater risk.

The medical conditions of the defendant more than qualify as "extraordinary and compelling circumstances," as outlined in her motion.

Objection- "Nelson has also asked this Court order BOP to place her on home confinement." (Pg. 9)

Ms. Nelson is requesting what the statute

(4)

authorizes which states "(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." Based upon this a term of time served or home confinement (supervised release) can be authorized by the Court.

Objection - "In fact, Nelson states that she is being treated." (Pg. 10)

In March 2014, Ms. Nelson was diagnosed with "thyroid carcinoma," but yet she has received no treatment for it.

At least one court has considered the BOP's indifference to an inmate's urgent medical needs as a factor contributing to an extraordinary and compelling reason for reducing the inmate's sentence. In United States v. Beck, 2019 U.S. Dist. LEXIS 108542, 2019 WL 2716505 (M.D.N.C. June 28, 2019), the defendant discovered lumps in her breast and sought medical attention. However, the BOP delayed for months in: taking the inmate for imaging, scheduling consultations, having a biopsy, scheduling surgery, and more. The Court noted that "the BOP's treatment of Beck was "grossly inadequate" and "abysmal" and that absent judicial oversight she is unlikely to receive better treatment going

forward." Ms. Nelson is dealing with the same issue for over six (6) years now.

Objection- "Nelson has not shown any evidence that she would be safer if released." (Pg. 10)

Numbers of cases in Texas verses Mississippi should discredit that statement alone. Texas is seeing over 5,000 new cases a day right now so any other state besides California, Arizona, and Florida would be safer. The virus is spreading like wildfire here at the prison and has already infected over 10% of the population. At times there is no soap, sanitizers, and officers decline to wear mask putting those like Ms. Nelson at risk because they are unable to care for themselves. At her sister's or daughter's home she wouldn't be exposed to 300+ people everyday. She would have the adequate cleaning supplies and be able to receive the proper medical care she needs.

Again, Ms. Nelson has completed 362 months based on a thirty (30) year term, utilizing the good time credits awarded in the First Step Act. During the time incarcerated she has been in no trouble and prior to this had no criminal history. She poses no threat to anyone or the community.

...

Nobody predicted that a pandemic as deadly as COVID-19 has been was going to hit the world in 2020. To continue putting Ms. Nelson's life and health at risk is both unfair to her and a miscarriage of justice. Setser v. United States, 566 U.S. 231, 242-43, 132 S. Ct. 1463, 182 L. Ed. 2d 455 (2012)(noting that the pre-First Step Act compassionate release provision in 3582(c)(1)(A) also provides a mechanism for a district court to grant relief when its "failure to anticipate developments that take place ... sentencing ... produce unfairness to the defendant.

Conclusion:

Other than words stated by the Government they offer no proof of her danger to society. However, Ms. Nelson does show proof that staying here poses a threat to her life. Ms. Nelson agrees to the 14-days of quarantine by the BOP that the government is requested, and she also agrees to the home confinement with electronic monitoring if that is the Court's desire. For all these reasons and those mentioned in her motion, Ms. Nelson respectfully request this Court GRANT her motion and order her immediate release.

Respectfully Submitted,

*Kathleen Nelson*

(7)

Kathleen Nelson, Pro Se
Reg. # 06883-043
Federal Medical Center-Carswell
P.O. Box 27137
Ft. Worth, TX 76127

### CERTIFICATE OF SERVICE

I certify that on 7-16-2020, I mailed a copy of "Defendant's Response to Government's Opposition Response to Motion for Compassionate Release," to the U.S. Attorney's Office, 501 E. Court St., Suite 4430, Jackson, MS 39201.

*Kathleen Nelson*
Kathleen Nelson